PATRICK ROONEY v. ANN KING.

Submitted July 8, 1906.—Decided November 12, 1906.

A justice of the Supreme Court may grant a rule to show cause why a verdict rendered in an issue out of this court tried at the Circuit should not be set aside, after the six days allowed by rule 34 of this court, upon an allegation of misconduct on the part of the jury or for other causes not within the evident purpose of that rule.

On rule to show cause.

Before Justices FORT, GARRETSON and REED.

For the rule, *Black & Drayton.*

*Contra, Melosh & Morten.*

The opinion of the court was delivered by

FORT, J. This rule to show cause was granted by the trial justice on allegations of misconduct on the part of the jury.

Under this rule depositions were taken, and are before us.

An order was made by the court directing the jury to view certain premises, during the trial, and the alleged misconduct of the jury is while taking the view.

As a preliminary to the consideration of the case, it is objected that the rule granted by the justice in this case was not granted within six days after the verdict in the cause, but was granted nine days thereafter.

There are two answers to this objection—*first,* that the mere fact that the rule bears date nine days after the rendition of the verdict does not establish that it was not applied for within six days; and *second,* for reasons, such as are alleged in this case, we think that a justice of this court may allow a rule to show cause, that proof may be taken, and the matter heard before this court, irrespective of the rule of this court relating to new trials, and the application therefor within six days after the verdict.

The rule here allowed may be deemed to be a practice rule, granted upon a motion, and in the interest of justice. Such a rule, however, is probably one that would not be allowed except upon notice.

On the merits of the application, under the evidence, we see no reason for setting aside the verdict. It does not appear, clearly, that any juror disobeyed the court's orders, which appears in the record, not to converse about the case while upon the premises taking the view. That order, of course, did not mean that the jurors were not to converse with one another; it merely meant that they were not to converse "with anyone about the premises" while taking the view. It is alleged that some of the jurors were in the saloon with Pat King, a son of the plaintiff. Neither party have examined either of the jurors. It would be unfair to the jury to permit any reflection upon them by such evidence as is in the record. There is no justification shown for setting aside the verdict or granting a new trial for the alleged misconduct of the jury.

The rule is discharged.